UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA SAPP and JASON SWANSON | § § § | |
| Plaintiffs, | § § | |
| vs. | § § § | |
| SNUFFER'S RESTAURANTS INCORPORATED d/b/a SNUFFER'S RESTAURANT AND BAR, THOMAS J. ROPPOLO, TRUSTEE, RONA ACQUISITIONS, CHRISTOPHER S. CARROLL NUMBER 1, LTD, CSC INVESTMENTS, LLC, PRESTON CENTER WEST, JV, PTC DUNHILL HOLDINGS, LTD., EAGLE SEIKI SALES, LTD 1, ELIZABETH JANE BURKS and GENE A. BURKS, as general partners, CRAIG CROSSING 1031, L.L.C., CRAIG CROSSING EXCHANGE, L.L.C., TOWN SQUARE VENTURES, L.P., WESTERN TOWN SQUARE VENTURES I GP, L.L.C., AMREIT SSPF PRESTON TOWNE CROSSING LP, AND AMREIT SSPF PRESTON TOWNE CROSSING GP, LLC | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:07-CV-0273-M **AMENDED CONSENT DECREE** |
| Defendants, | § § § § § | |
| CRAIG CROSSING 1031, L.L.C., CRAIG CROSSING EXCHANGE, L.L.C., TOWN SQUARE VENTURES, L.P., WESTERN TOWN SQUARE VENTURES I GP, L.L.C. | § § § § § | |
| Cross Claimants, | § § | |
| vs. | § § | |
| SNUFFER'S RESTAURANTS INCORPORATED d/b/a SNUFFER'S RESTAURANT AND BAR | § § § § | |
| Cross Defendant. | § | |

## INTRODUCTION

1.1    <u>Parties to this Amended Consent Decree</u>.  This Amended Consent Decree ("**Consent Decree**") is entered into by and between Snuffer's Restaurants Incorporated ("**Snuffer's**"), Thomas J. Roppolo, as Trustee, Rona Acquisitions, Christopher S. Carroll Number 1, LTD, CSC Investments, LLC, Preston Center West, JV, Eagle Seiki Sales, LTD 1, and Elizabeth Jane Burks and Gene A. Burks as general partners, (collectively, Snuffer's and the above named property owners are herein the "**Class Defendants**"), and the Plaintiffs Patricia Sapp and Jason Swanson (collectively, the "**Named Plaintiffs**" and together with Class Defendants collectively the "**Parties**") and Class Counsel, Kenneth Carden and Palmer Bailey, on behalf of the Settlement Class (as defined in § 6.1).

1.2    <u>The Properties</u>.  The properties covered by this Consent Decree are the seven individual Snuffer's Restaurants named in Plaintiffs' First Amended Complaint - Class Action ("**Complaint**") owned and operated by Snuffer's Restaurants Incorporated and the real properties upon which five of the restaurants are located at 3526 Greenville Ave., Dallas, Texas, owned by Thomas J. Roppolo, as Trustee, and Rona Acquisitions (referred to herein as "**Greenville**"), 14910 Midway Rd., Dallas, Texas, owned by Christopher S. Carroll Number 1, Ltd. (referred to herein as "**Midway**"), 8411 Preston Rd., Dallas, Texas, owned by Preston Center West J.V. (herein referred to as "**Preston Center**"), 2408 Preston Rd., Plano, Texas, owned by AmREIT SSPF Preston Towne Crossing, LP (referred to herein as "**Plano**"), and 2901 Village Dr., Rockwall, Texas, owned by Eagle Seiki Sales, LTD I (referred to herein as "**Rockwall**") (all of the foregoing locations are collectively, the "**Snuffer's Restaurants**" and singularly a "**Snuffer's Location**").  The property owners of the Snuffer's restaurant locations located at 3270 S. Central

Expressway, McKinney, Texas, (referred to herein as "**McKinney**") owned by Craig Crossing 1031 L.L.C (herein with defendant Craig Crossing Exchange, LLC referred to as "**Craig Crossing**")., and 431 Grand Avenue East, Southlake, Texas, ( referred to herein as "**Southlake**") owned by Town Square Ventures, L.P. (herein with defendant Western Town Square Ventures I GP, LLC referred to as "**Town Square**") do not join in this Consent Decree.  These two locations are identified in this Consent Decree with respect to Snuffer's participation in this Consent Decree.  The Plano, Rockwall, McKinney and Southlake locations are collectively referred to herein as the "**New Locations**" and the Greenville, Midway and Preston Center locations are referred to herein as the "**Existing Locations**".

1.3    Disability.  Sapp and Swanson are individuals with mobility impairment disabilities as defined by the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., ("**ADA**") and a "Person with a disability" as defined by Texas Human Resources Code ("**THRC**"), in that they have a physical impairment that substantially limits one or more of their major life activities. Each is paralyzed and uses a wheelchair for mobility.

1.4    The Lawsuit.  On February 9, 2007, Sapp and Swanson brought suit in the United States District Court for the Northern District of Texas, Civil Action number 3:07-CV-0273-M (the "**Class Claims**"), in which they allege that the Class Defendants along with the Craig Crossing and Town Square defendants violated Title III of the ADA, the Texas Architectural Barrier Act (the "**TABA**"), Texas Revised Civil Statutes, Article 9102 et seq. (as amended, now codified in the Texas Government Code, Chapter 469), THRC § 121.001 et seq. at the Snuffer's Restaurants by failing to comply with the ADA Accessibility Guidelines (the "**ADAAG**") and the Texas

Accessibility Standards (the "**TAS**"). The Class Defendants answered and denied that they had violated the ADA, the TABA or the THRC as alleged.

1.5    Intent of the Parties.  The Parties now wish to completely resolve and settle all claims, disputes and controversies relating to the Class Claims as between or among the Parties without prejudice to any claims which may exist between or among (i) the Class Defendants, Craig Crossing or Town Square and (ii) which may exist between or among the Named Plaintiffs and Craig Crossing and Town Square relating to or arising, directly or indirectly out of the filing and prosecution of the Class Claims.

## NO ADMISSION OF LIABILITY

2.1    By agreeing to and voluntarily entering in to this Consent Decree, there is no admission or concession by the Class Defendants, express or implied, that the Class Defendants have in any way violated the ADA, the TABA, THRC or any other federal, state, or local law, regulation, ordinance, order, or rule.  The Class Defendants deny and continue to deny that they have violated any such laws pertaining to access for persons with mobility disabilities at The Snuffer's Restaurants or otherwise as alleged by Named Plaintiffs.  The Class Defendants deny and continue to deny any and all liability to Named Plaintiffs or the Settlement Class for any such claims and for claims for monetary damages.   This Consent Decree, any statements or negotiations made in connection with the Consent Decree, and any actions taken by any Party under this Decree, may not be offered as or admitted into evidence or in any other manner used against that Party in any action or proceeding for any purpose, except in any action or proceeding brought to enforce the terms of this Consent Decree by or against the Named Plaintiffs, the Settlement Class, or the Class Defendants or to defend any claims brought by such persons.

## CONDITIONS PRECEDENT

This Consent Decree shall be conditioned upon and shall be effective only upon, the occurrence of all of the following events:

3.1    <u>Preliminary Approval</u>.  That the Court grants the Plaintiffs' Motion For Order Granting Preliminary Approval of Proposed Consent Decree which complies with the prior certification by the Court of the class in this cause which shall constitute the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) (hereafter "**Preliminary Approval**").

3.2    <u>Notice</u>.  Notice is provided to the Settlement Class in accordance with this Consent Decree.

3.3    <u>Fairness Hearing</u>.  A Fairness Hearing is held in accordance with this Consent Decree.

3.4    <u>Jurisdiction</u>.  A determination is made by the Court that it has personal and subject matter jurisdiction (including pendent or supplemental jurisdiction over the state claims) over the Parties and the claims made in the Plaintiffs' Complaint and that venue is proper in the United States District Court for the Northern District of Texas.

3.5    <u>Final Approval</u>.  The Court enters an Order granting final approval of this Consent Decree which shall finally resolve all issues raised in this Consent Decree ("**Final Approval**").

## TERM OF CONSENT DECREE

The periods for performance under the terms of this Consent Decree herein shall commence when this Consent Decree receives Preliminary Approval by the Court as more fully set forth herein.

## MODIFICATION

5.1     Modification Plan.  Regarding the particular alleged construction/design defects or other barriers allegedly existing at the Snuffer's Restaurants, the Parties have agreed to a modification plan ("**Modification Plan**") that has identified the modifications required to bring the Snuffer's Restaurants into full compliance with both the applicable provisions of the ADAAG and the TAS with respect to the New Locations unless a waiver is granted by the Texas Department of Licensing and Regulation or the Court, and with respect to the Existing Locations, full compliance with the applicable provisions of 28 CFR Part 36.  A copy of the Modification Plan is attached hereto as **Exhibit "A"**.  Exhibit "A" addresses any and all allegations of discrimination in this Lawsuit by the Named Plaintiffs.  Snuffer's agrees to assume all obligations to pay for, construct, and manage all modifications under the Modification Plan with respect to its demised lease premises for each of the Snuffer's Restaurants.  Class Defendants who are owners of the real property on which certain Snuffer's Restaurants are located and at which modification work is required outside of the demised lease premises of that Snuffer's Location, agree to assume the obligations to pay for, construct, and manage all modifications under the Modification Plan to take place outside the demised lease premises of Snuffer's and is located on property owned by such Class Defendant on which such Snuffer's Location is situated.  The term "manage" includes, but is not limited to, ensuring the performance of all customary functions of the general

contractor including, but not limited to the following obligations: obtaining all appropriate and necessary permits from the appropriate municipal or county authority; obtaining regulatory agency approvals such as those required by the Texas Department of Licensing and Regulation; and compliance with state regulatory determinations.  Nothing in this Consent Decree is intended to release, amend, modify, abrogate or waive any claim, indemnification right or obligation existing or which may arise between Snuffer's and any other Class Defendant, Craig Crossing or Town Square nor to modify or affect any agreement between Snuffer's and any other Class Defendant, Craig Crossing or Town Square which provides for the performance of the obligations hereunder of an owner of property on which a Snuffer's Restaurant is located.

5.2     Time for Completion.  The Class Defendants applicable to the Midway, Rockwall, Plano and Preston Center Snuffer's Locations believe that they have completed the modifications to those locations and that Snuffer's has completed the modifications to the interior of the McKinney Snuffer's Location required by this Consent Decree and any modifications which may need further modification will be completed on or before October 31, 2009.

5.3     Appointment of Registered Accessibility Specialist.  The Parties have agreed to the appointment of Gaila Barnett, a Registered Accessibility Specialist (the "**RAS**"), licensed by the Texas Department of Licensing and Regulation, to oversee access compliance by the modifications made to the Snuffer's Restaurants with the Modification Plan and with applicable law.  The RAS will review and advise the Parties of the correctness of the modification effort during the time for completion of the Modification Plan.  In the event that Gaila Barnett is unable or unwilling to complete or is otherwise disqualified from completing her duties as outlined herein, the Parties shall jointly agree upon a replacement RAS.  If the Parties are unable to agree

upon a replacement, each party shall submit the names of three licensed Registered Accessibility Specialists to the Court for appointment of a replacement RAS to complete the RAS's duties as set out herein.

5.4     <u>Designated Representative for Modification</u>.  The Class Defendants will designate one or more representative(s) to be the contact person for the RAS to communicate with directly during the modification process at any Snuffer's Location.  The Parties will provide the RAS and Class Counsel with the contact information for such designated representatives.

5.5     <u>Changes to the Plan During Modification</u>.  If during the modification of any Snuffer's Location it appears to the RAS that any part of the Modification Plan cannot be completed as agreed in Exhibit "A" or as may be reasonably determined to be appropriate by the RAS because of unreasonable difficulty or expense, the RAS will communicate with the Class Counsel and the designated representatives of the Class Defendants and attempt to reach a consensus regarding a change to the Modification Plan.  Any change to the Modification Plan, as it pertains to the New Snuffer's, shall comply with the ADAAG for new construction and TAS unless a waiver is granted by TDLR or the Court as provided by law.  If no agreement can be reached between the Parties after ten (10) business days, the RAS will make a determination and prepare a "**Notice of Change to Modification Plan**" and provide such notice to all Parties.  The Parties may appeal such RAS determination to the Court, within thirty (30) days of receipt of such Notice of Change to Modification Plan, to resolve any such dispute.  The procedure for doing so is set out in § 5.9 and § 5.10.  If no appeal is made, the Notice of Change to Modification Plan shall be filed with the Court.  Once the Court has made its determination as to the Notice of Change to Modification Plan or if no appeal is made regarding the Notice of Change to Modification Plan, that "**Change**"

shall become final and shall become an amendment to the Modification Plan required by this Consent Decree.   Any Change to the Modification Plan shall comply with the applicable accessibility law.   As to the New Locations, departures from the requirements of TAS shall be permitted only in the event that a waiver is obtained from TDLR or the Court as provided by law. As to modifications to the Existing Locations set forth in the Modification Plan, such modifications shall be carried out to the maximum extent feasible to be in compliance with ADAAG as determined by the RAS for the conditions existing at the Existing Locations and taking into account the applicable provisions of 28 CFR, Part 36 including the provisions relating to modifications being "readily achievable".

5.6    Survey by Class Counsel During Modification.  Class Counsel may independently review the ongoing modification effort at any Snuffer's Restaurant at any reasonable time during the time for completion set out in § 5.2 for compliance with the Modification Plan as may be amended by the final Notices of Change to Modification Plan, but shall not disrupt the conduct of normal operations of any such Snuffer's Location.  If at any time during modification construction Class Counsel does not believe that the modification effort is in compliance with the Modification Plan or final Notices of Change to Modification Plan as described in § 5.5, Class Counsel shall confer with the RAS and Designated Representatives or counsel for Class Defendants affected regarding their concerns.  The RAS may make the final decision regarding whether the modification effort is in compliance, subject to appeal by any party as otherwise provided herein in § 5.5, § 5.9, and § 5.10.  If Class Counsel or any Class Defendant does not agree with the final decision made by the RAS, the objecting party may appeal such RAS determination to the Court, within thirty (30)

days of receipt of the final decision by the RAS and the Court will make a final determination as to any action required as to the modification construction.

5.7     Site Review and Initial Reports of RAS.  Not later than thirty (30) days after the time for the completion of the deadlines provided in § 5.2, the RAS will conduct a site review of each Snuffer's Location for which modification construction was required for such deadline and provide a written report that indicates whether the modification construction applicable to such deadline has been completed in compliance with the Modification Plan and, if applicable, any amendments to the Modification Plan as described in § 5.5 (the "**Initial Report**").  The RAS will provide these Initial Reports to Class Counsel and counsel for Class Defendants at the same time within thirty (30) days of the completion of the inspection.  The RAS will not file these Initial Reports with the Court.  The Initial Report shall identify any and all modification construction areas or items not in compliance with the Modification Plan and shall set forth the reason or reasons for any such area or item's noncompliance with the Modification Plan.  Any area or item not so identified in the Initial Report shall be deemed to have been completed in compliance with the Modification Plan and the requirements of this Consent Decree.

5.8     Class Counsel's Approval of the Initial Reports.  Within thirty (30) days of receipt by Class Counsel of an Initial Report, Class Counsel shall review the completed modification and determine if they agree with the Initial Report.  If they do agree with the report, then they will file with the Court a Notice of Approval of the RAS's Initial Report, attaching the RAS's Initial Report as an exhibit.  If attached as an exhibit to such a filing, the RAS's Initial Report shall be considered a Final Report of modification construction being fully performed in compliance with the Modification Plan as it may then be amended and the requirements of this Consent Decree.

5.9    <u>Objections to an Initial Report</u>.  If, within thirty (30) days of receipt by any party of an Initial Report, any party believes the Initial Report is incorrect in its assessment of the compliance by the modification construction with the Modification Plan as it may then be amended or this Consent Decree, such party may make written objection detailing to the RAS the alleged noncompliant portions of the Initial Report and shall at the same time also serve all other Parties' counsel with a copy of these objections.  After receiving such objections, the RAS shall within ten (10) days of receipt of objections to the Initial Report make any or no alterations to the Initial Report the RAS deems appropriate.  The RAS shall serve all Parties' counsel with the RAS's written determinations regarding the objections and any amended Initial Report.  Such written notice shall set out the RAS' determination as to each complained of area or item.  The Parties shall have ten (10) days after receipt of such written notice by the RAS to provide written notice to the other Parties' counsel of continued objection to the Initial Report. Notice of continued objection shall detail the specific objections to the Initial Report or its changes.  The Class Counsel and each counsel for the Class Defendants responsible for the modifications to each Snuffer's Location the subject of the dispute or disputes shall make good faith efforts to reach an agreement as to the contents of the Initial Report to be filed with the Court during the ten (10) days following receipt of the determination and/or amended Initial Report from the RAS by all of the Parties related to the Snuffer's Restaurants the subject of the Initial Report.  If no agreement can be reached, the matter will be submitted to the Court by written submissions filed within twenty (20) days of the expiration of the ten (10) day period for reaching an agreement and shall be determined finally by the Court.  Following completion of the procedures for objecting to an Initial Report, the Initial Report or, if amended, the amended Initial Report prepared by the RAS as to a Snuffer's Location as either may be amended by the Court's

determination following submission of a dispute or disputes in accordance with the foregoing procedures shall be the Final Initial Report ("**Final Initial Report**") as to such Snuffer's Location.  Each Class Defendant responsible for the modification construction required by the Final Initial Report shall promptly commence corrective measures to bring such modification into compliance with the Final Initial Report and shall prosecute completion of such corrective measures with reasonable diligence.  The RAS will then re-inspect the area(s) or items requiring corrective measures for compliance with the Final Initial Report within thirty (30) days after the completion of the corrective actions.

5.10    Appeal Rights With Respect to RAS Determination.  Subject to specific provisions of this Consent Decree set forth elsewhere herein, the Parties may appeal any RAS determination contemplated in this Consent Decree to the Court, within thirty (30) days of receipt of such RAS determination, to resolve any such dispute.

5.11    Costs for the RAS.  Snuffer's Restaurants Incorporated agrees to pay all reasonable fees and expenses of the RAS as to all inspections of work performed with respect to the Snuffer's Restaurants' demised lease premises and as may be determined by the Court if objected to by Snuffer's Restaurants.  To the extent that RAS fees and expenses are related to inspections of work performed outside Snuffer's Restaurants' demised lease premises and Snuffer's has not agreed to pay such fees and expenses in advance, such fees and expenses will be the responsibility of the owner of the property located outside the Snuffer's Restaurants' demised lease premises. RAS fees and expenses either agreed to by Snuffer's Restaurants, or other Class Defendants or as determined by the Court, are deemed qualifying costs and will be paid as set forth in § 9.1.

5.12    <u>McKinney Exception</u>.  The purpose of this exception is to allow the disparate parties and owners that make up the remaining Class Defendants to complete their performance under this Consent Decree and to close the applicable period for class claims as to their respective Snuffer's Location.  It is the intent of this provision to provide for a mechanism to allow, if necessary, for an alternative time frame for compliance with the terms of this Consent Decree, only as to the McKinney Snuffer's Location to permit the resolution of the Crossclaim between Snuffer's and the Craig Crossing Defendants and to prevent delay in resolution of the other Snuffer's Restaurants' participation in this Lawsuit. Granting this exception shall not impair in any way the rights of the Class.

5.13    <u>McKinney Exception Modification Procedures</u>.    The McKinney Snuffer's Location modification shall be accomplished within one hundred twenty (120) days (or such longer time as may be determined by the Court should the Court be requested to extend the time for performance) after the time that a final court decision or mutual settlement is reached that determines that Snuffer's is obligated to pay for the required exterior modifications to the McKinney Snuffer's Location described in Exhibit "A"  Upon commencement of the deadline for completion of the modifications to the McKinney Snuffer's Location as a result of the procedures set forth in this § 5.13, extensions for performance, inspections, issuance of RAS reports, objections to reports, resolution of disputes and performance of corrective measures shall be subject to the same terms, in the same manner and under the same time frames as those set out in this Consent Decree applicable to each other Snuffer's Location.

5.14    <u>Greenville Deferral of Action</u>.  Multiple inspections have established that the Greenville Snuffer's Location is literally not capable of modification in any economically feasible manner.

Further, Thomas J. Roppolo, as Trustee for the Dragna Trust and Rona Acquisitions ("**Greenville Owners**" and collectively with Snuffer's the "**Greenville Class Defendants**") have agreed that the structures in which the Greenville Snuffer's Location is presently situated are likely to be demolished and a new structure or structures erected in the place of the existing structures. The Greenville Owners agree that the property which the Snuffer's Location is situated will begin the process of applying for such permits and licenses required for the demolition and reconstruction of new structures on the Greenville premises by March, 31 of 2010 and will pursue such project with reasonable diligence. The reconstruction will be performed in compliance with TAS and Texas Department of Licensing and Regulation procedures then in effect. The obligation to commence such project is subject to: (i) the ability of the Greenville Owners to obtain financing on terms acceptable to the Greenville Owners; (ii) the ability of the Greenville Owners to obtain a lease or leases of such reconstructed premises on terms acceptable to the Greenville Owners; and (iii) the presence of market conditions that make the reconstruction of the structures an economically sound decision under the market conditions then existing. In the event that such project has not commenced by such date, Snuffer's shall either (i) not continue to operate a Snuffer's Restaurant or other public facility in the Greenville location operation of the Snuffer's Location at Greenville beyond the end of the existing term of the lease which expires September 1, 2011; or (ii) the Greenville Class Defendants agree to enter into a binding arbitration before an independent and qualified arbitrator to be mutually selected by the Class Counsel and the Greenville Class Defendants in good faith to determine what modifications to the Greenville location are readily achievable and reasonable under the conditions, both economic and physical, then existing taking into account the anticipated and likely time period between such determination and until the first to occur of (i) Snuffer's ceasing to operate a restaurant facility at

such location; or (ii) the Greenville Snuffer's premises are demolished or renovated. Upon conclusion of such arbitration, the Greenville Class Defendants agree to make such modifications as may be ordered by the arbitrator as a condition to the continuation of a Snuffer's Restaurant business at the Greenville location.

## CLASS CERTIFICATION

6.1    <u>Settlement Class</u>. The "Settlement Class" has been established and certified by the Court as "All persons living in Collin, Dallas, and Rockwall counties who are considered disabled under the ADA and the THRC § 121.002(4), as the result of a mobility impairment, who have been discriminated against by the Class Defendants prior to the conclusion of this litigation and the completion of any modification at the property. The Settlement Class shall not include individuals who would otherwise be members of the Settlement Class, but who have suffered any physical injury because of an architectural barrier encountered at a Snuffer's Restaurant, who are automatically excluded from the Settlement Class unless they affirmatively choose to make a claim within the class monetary limit and thereby waive their claim for physical injury."

6.2    <u>Appointment of Class Representatives and Class Counsel</u>. The Court has appointed Patricia Sapp and Jason Swanson as class representatives and has appointed Kenneth Carden and Palmer Bailey as Class Counsel.

## PAYMENTS AND FORMS OF NOTICE

7.1    <u>Appointment of Class Administrator</u>. Pursuant to Rule 23.3(b), Rehabilitation, Education and Advocacy for Citizens with Handicaps, Inc. ("**REACH**") is appointed Snuffer's Class Administrator. REACH shall establish and maintain an address and a telephone number to

provide information regarding this settlement, send notices to prospective class members, respond to requests for forms and documents relating to class member Declarations, communicate with class members relating to incomplete or improperly prepared submissions, to collect, account for, and tabulate notice responses, and to forward completed Declarations to and communicate with the Class Defendants relating to Declarations submitted to Class Defendants. Snuffer's shall pay REACH Two Thousand Five Hundred Dollars ($2,500.00) as payment for class administration to the end of the claim period and shall pay an additional Fifty Dollars ($50.00) a month for each month class administration is extended as set out in § 7.6.

7.2    <u>Payments to Class Claimants</u>.  Individuals applying for membership in the Settlement Class who establish proof of qualification as set forth in § 7.3 below shall be entitled to receive one payment totaling One Hundred Dollars ($100.00) collectively from Snuffer's and all of such of the Class Defendants who are the owner/s of real property underlying the Greenville, Midway, Preston Center, Plano and Rockwall Snuffer's Locations at which the Class Member qualifies as encountering or having knowledge of a qualifying architectural barrier or barriers.  Upon receipt of a completed Declaration establishing proof of qualification, REACH shall scan the documents received to Adobe portable document format (pdf) and email such proof of qualification to Class Counsel, Snuffer's and each other Class Defendant.  If there is no objection by any counsel or Class Defendant, payments to qualifying Class Claimants shall be mailed within the later of: (i) thirty (30) days following the receipt by the responsible Class Defendants of proof of the complete Declaration or Declarations providing qualification for payment or (ii) within thirty (30) days of entry of the Court's order approving the applicant's Class Claim after objection as set forth in § 7.5.  Named Plaintiffs shall each receive One Thousand Dollars ($1,000.00) for their

time and expense in bringing and prosecuting this claim on behalf of the class, to be paid within thirty (30) days of the Court's Order approving this Consent Decree.  Snuffer's agrees to assume all obligations to pay claims of Named Plaintiffs and Settlement Class Members with the exception of any Class Member whose claim results from a claim of discrimination arising from barriers to accessibility encountered outside the Snuffer's demised lease premises and on the real property site owned by one of the Class Defendants on which the Snuffer's demised lease premises is located.  The payment for such claims will be the responsibility of the Class Defendant/s that own/s the real property site on which an accused Snuffer's demised lease premises is located and on which such barrier was encountered unless Snuffer's otherwise agrees to pay such Class Claim.  Nothing in this Consent Decree is intended to affect, amend, modify, abrogate or waive any indemnification right or obligation existing between Snuffer's and any other Class Defendant nor any claim pending in this lawsuit between or among any of the defendants in this cause.

7.3    <u>Proof for Class Claims</u>.  Individuals applying to be a Class Claimant must mail the proper applicable signed Declaration in the form of one of **Exhibits "F-1" through "F-7"** or **"G-1" through G-7"** establishing their qualifications to be a Class Claimant, and provide documentary proof of their mobility impairment disability as defined is § 1.3 above (collectively a "**<u>Class Claim</u>**") to Snuffer's Class Administration, 1205 Lake Street, Ft. Worth, TX 76102-4501.  Proof of mobility impairment disability shall be by the Declaration which provides notice of the location at which accessibility discrimination occurred, the date of such discrimination, a brief description of the architectural barrier encountered which identifies an actual architectural barrier that existed at such Snuffer's Location and have attached copies of suitable records from the

Social Security Administration, doctors' letter or record, insurance disability application record, military record, state agency record, Medicare record, or other such record that would establish that they had a mobility impairment that would qualify them as disabled under the ADA and the THRC at the time of the claimed occurrence. Snuffer's and each other Class Defendant shall designate an email address to REACH for delivery to each Class Defendant of all documents received with respect to Class Claims applicable to that Class Defendant. Once each week REACH shall forward all Class Claims documents received containing the information required in this paragraph to Snuffer's and the other appropriate Class Defendants in Adobe pdf. REACH shall maintain all original claim forms and documentation until 30 days after the Court signs the last of the Agreed Orders of Dismissal with Prejudice as provided in § 11.2, § 11.3 and § 11.4. Class Defendants may review the original claim forms and documentation upon reasonable notice during a business day not a federal legal holiday, Saturday or Sunday during the hours of 9 a.m. to 5 p.m.

7.4    <u>Insufficient Declarations</u>.    Any Class Claim not containing sufficient information or documentation shall be returned by REACH with a letter pointing out the information or documentation lacking and requesting the Class Claimant to resubmit the Declaration with the required information or documentation. If the Parties cannot agree as to the disposition of a disputed Class Claim, then the final determination will be made by the United States Magistrate Judge or a special master as appointed by the Court after review in which all Parties, including the Class Claimant, are entitled to make submissions in support of their positions.

7.5    <u>Disputing Class Claims</u>.    Snuffer's or Class Defendant/s as may be appropriate, shall, within thirty (30) days of Snuffer's and the appropriate Class Defendant's receipt of a Class

Claim, either mail a check for One Hundred Dollars ($100.00) to the Class Claimant or provide Class Counsel written notice that it is disputing the Class Claim and give the reason for such dispute. Should Class Counsel and Snuffer's and/or the appropriate Class Defendant be unable to resolve the Claim dispute, the Class Claim can be presented to the Magistrate or the special master as appointed by the Court to determine the validity of Class Claims within 30 days of the date that Snuffer's and/or the appropriate Class Defendant notifies Class Counsel of its intention to dispute the Class Claim. If the Class Claim dispute is not presented to the Magistrate or the special master as appointed by the Court within thirty (30) days from the date that Snuffer's or Class Defendant notifies Class Counsel that it intends to dispute the Class Claim, then the Class Claim shall be considered valid and the Class Claim shall be paid by the appropriate Class Defendants within thirty (30) days following the expiration of the thirty (30) day period for submission of disputed claims set forth above. Notice of dispute or a submission to the Magistrate by either Snuffer's or any other Class Defendant shall act as notice of dispute or a submission to the Magistrate on behalf of all Class Defendants responsible for payment of such Class Claim.

7.6    <u>Claim Period</u>.  The time period for individuals to apply as a Class Claimant to receive a One Hundred Dollar ($100.00) award shall run for one hundred and twenty days following the date that this Consent Decree receives Final Approval by the Court. All claims submitted by a Class Claimant in this case after this time are absolutely barred as to Snuffer's and any Class Defendant.

7.7    <u>Organization Notice</u>.  Beginning the week after the Preliminary Approval described in § 3.1, Class Counsel shall provide written Pre-Certification Notice, including this Consent Decree

with all exhibits, to Advocacy, Inc.  Class Counsel shall provide written Pre-Certification Notice **Exhibit "B"** and **Exhibit "C"** to five (5) other organizations that serve individuals with mobility impairment disabilities with basic information about this Lawsuit, proposed settlement, and rights to opt-out, file objections, or submit a claim.  Class Counsel shall provide such Organizations Post-Certification Notice, including **Exhibit "D"**, **Exhibit "E"**, **Exhibits "F-1" through "F-7"** and **Exhibits "G-1" through "G-7"** beginning no later than ten (10) days after the Court approves of the Consent Decree.  These organizations will provide Class notice to their members by newsletter, email, or posting notice on their websites. Snuffer's will not be required to make any payment to Advocacy, Inc., but will pay no more than Six Hundred Dollars ($600.00) to each of the five (5) other organizations for such notice, and Snuffer's will pay no more than Three Thousand Dollars ($3,000.00) in total for such organization notices.

7.8    <u>On-Site Notice and Document Availability</u>.    Beginning the week after the Court's Preliminary Approval, Snuffer's will place written Post-Certification Notice on-site containing the information provided in Exhibit "B" by placing a sign at each accessible entrance to Snuffer's Existing Locations and New Locations.   Snuffer's shall establish and maintain copies of the individual notice set forth in Exhibit "C" during the pre-certification period and Exhibit "E" during the post-certification period and the appropriate Declarations' Exhibits "F-1" through "F-7" and Exhibits "G-1" and "G-7" at each Snuffer's Existing Locations and New Locations during the Claim Period relevant to such Snuffer's Location and provide a copy of the appropriate notice and Declaration to any individual who requests same during the claim period applicable to such Snuffer's Location.

7.9    <u>Electronic Notice by Snuffer's</u>.  Beginning the week after the Preliminary Approval of this Consent Decree as described in § 3.1, Snuffer's will place Pre-Certification web site notice containing the information in Exhibit "C" on a link to *http://www.snuffers.com*.  Such notice shall remain until the Court approves the Consent Decree, and then the notice shall be replaced by the Post-Certification information provided in Exhibit "E" and copies of the appropriate Declarations' Exhibits "F-1" through "F-7" and Exhibits "G-1" through "G-7" in Adobe pdf and shall be available on such web site for the duration of the claim period (as defined in § 7.6).  Snuffer's shall make available persons to respond to questions concerning this Class Settlement at its listed telephone number during its normal business hours when open to the public at such Snuffer's Location.  Beginning the week after the date of Preliminary Approval of this Consent Decree until expiration of the Claim Period, upon request, Snuffer's shall mail or provide other means of delivery of Exhibits "C", "E", the appropriate version of Exhibit "F" and/or the appropriate version of Exhibit "G" to any person requesting information concerning the Class Settlement or relating to the filing of a claim in accordance with the terms of this Consent Decree.

7.10    <u>Modification Extension Notice</u>.  If there is an extension of the time to complete the Modification Plan applicable to one or more Snuffer's Locations as set out in § 5.5 or § 5.9, then Exhibit "E" shall be modified to reflect the change in the expected modification completion date or dates applicable to such locations, and the modified Exhibit "E" shall be substituted for all purposes.

7.11    <u>Bankruptcy, Receivership or Dissolution</u>.  In the event that any action or proceeding is commenced which delays, hinders or prohibits any Class Defendant from meeting its obligations under the terms of this Consent Decree, including but not limited to, (i) seeking protection under

bankruptcy law; (ii) being placed into receivership; (iii) having proceedings commenced to dissolve such Class Defendant; or (iv) being restrained or enjoined from observance of such obligations (other than in an action by Plaintiffs) (collectively each is a "**Hindrance Event**"), the obligations of the remaining Class Defendants under this Consent Decree shall not be modified nor impaired beyond the application of limitations imposed by applicable law and the Parties shall be permitted to complete the terms of this Consent Decree to the fullest extent permitted by applicable law as applicable to their respective locations.  In the event that a Class Defendant is subject to a Hindrance Event, the remaining Class Defendants not otherwise themselves subject of a Hindrance Event or prohibited by applicable law or legal rule from observing the obligations of this Consent Decree as to the Snuffer's Location identified in this Lawsuit for which they are responsible by real property ownership or as operator, shall continue to be required to fully perform the obligations applicable to the Snuffer's Location for which such Class Defendant is responsible by real property ownership or as operator.  Notwithstanding the foregoing, if Snuffer's is the subject of the Hindrance Event, the Class Defendants who are property owner's shall not be responsible for the performance of any modification of the interior of the Snuffer's restaurant facility unless operations by Snuffer's at such location or locations continue as a part of the resolution or termination of such Hindrance Event.  Further, such Class Defendant shall be responsible for making the modifications to the portion of the real property on which the Snuffer's demised premises was located but outside such demised premises in the event that (i) Snuffer's continues restaurant operations thereon following the resolution or termination of the Hindrance Event; or (ii) a place of public accommodation required to comply with the public accessibility requirements of the ADA or TABA replaces Snuffer's in such demised premises.  In the event that a Class Defendant who is a property owner of a Snuffer's location is the subject of

a Hindrance Event and in the event that Snuffer's is not then subject to a Hindrance Event, Snuffer's shall be obligated to continue to observe the obligations of this Consent Decree relating to such location in the event that as a part of the resolution or termination of the Class Defendant property owner's Hindrance Event, Snuffer's continues operations of its restaurant facility at such location.

## ATTORNEYS' FEES

8.1 <u>Class Counsels' Attorney Fees and Costs</u>.  Class Defendants will pay Class Counsel for the reasonable and necessary attorneys' fees and costs for prosecution of the claims against the Class Defendants incurred prior to the date of the filing of this motion, and up through thirty (30) days prior to the date of the fairness hearing.  If the Class Defendants and Class Counsel cannot agree upon such fees and costs, Class Counsel agree to submit their attorney time records and billing rates incurred after the filing of this motion to counsel for the Class Defendants thirty (30) days prior to the Fairness Hearing or any date set for the submission of Class Counsel's attorney fees for determination by the Court.  If any Class Defendant objects to any billing in these records submitted, they shall file their objections with the Court at least ten (10) days before the hearing. Class Counsel shall file any response at least five (5) days before the hearing. Class Defendants shall comply with any Court order awarding attorneys' fees and/or costs and will pay the fees and/or costs awarded in any such order as required by such order.  Class Counsel will remove any charges for time incurred in this cause which have been reimbursed or settled by payment made by a Class Defendant prior to submitting charges and records to the Court for determination of Class Counsel's attorney fees and/or costs.

8.2    <u>Additional Class Counsel Attorney Fees</u>.  Class Counsel shall also be entitled to make a claim for any additional attorneys' fees incurred for the period from 30 days prior to the fairness hearing until the Court's entry of the Agreed Order of Dismissal with Prejudice as provided in § 11.2.  Subject to the rights of challenge set forth in § 8.4 below, the Parties agree that Class Counsel shall submit and Class Defendants shall pay all additional reasonable and necessary attorneys' fees and costs relating to the resolution of the claims in this case as related to their respective locations.

8.3    <u>Property Owner Class Defendant Limits as to Fees and Costs</u>.    Each of the Class Defendants which own or are the managing entity for the owner of a real property site on which a Snuffer's Restaurant is located shall have no obligation or liability for: (i) the payment of attorney fees or costs in excess of 14.28% of the total of the fees and costs to be paid in accordance with the terms of this Consent Decree as awarded by the Court or agreed to herein unless Class Counsel establishes that specific reasonable and necessary fees and costs in excess of such percentage are specifically attributable to the actions of such Class Defendant and were incurred other than as part of the normal resolution of the claims contemplated by this Consent Decree; (ii) the payment of $100 payments to Class Claimants not identifying the Snuffer's Restaurant located on such Class Defendants' property; and (iii) for those Class Claimants identifying the Snuffer's Restaurant located on such Class Defendant's property for any proportional amount of such $100 payment in excess of the proportion which such Class Defendant's property bears to the total number of separate Snuffer's Locations identified by such Class Claimant.  Nothing in this Consent Decree shall act to release, modify, waive or extinguish any indemnification duty owed or right existing between Snuffer's and any other Class Defendant.

8.4    <u>Challenges to Additional Attorney Fees</u>.  If Class Defendants and Class Counsel cannot agree with regard to any additional requests for fees submitted, Class Counsel will make application to the Court as provided by the Federal Rules of Civil Procedure and the Class Defendants shall be entitled to object to and challenge any application in accordance with the Federal Rules of Civil Procedure.

8.5    <u>Class Defendant Fees</u>.  In the event that any of the Class Defendants should be required to incur attorney fees and expenses in defending against claims by Class Counsel of a breach of the Consent Decree by any of the Class Defendants through procedures as identified in the Consent Decree which are determined adversely to Class Counsel, such Class Defendants may make application to the Court for an award of reasonable and necessary attorney fees for defending such action as provided by the Federal Rules of Civil Procedure and Class Counsel shall be entitled to object to and challenge any application in accordance with the Federal Rules of Civil Procedure.  Any award of such fees to any of the Class Defendants shall be paid in the form of a credit against any fees or expenses due Class Counsel then pending or which might become payable at a date following such award.

8.6    <u>Full Satisfaction</u>.  The payments described in § 8.1 and § 8.2 shall be in satisfaction of any and all work of any nature performed by Class Counsel, of, including any and all fees and costs incurred by Class Counsel both before and after Final Approval of this Consent Decree.

## QUALIFYING COSTS AND COMMON FUND

9.1    <u>Qualifying Costs</u>.  Certain administrative costs of the Class Settlement will be deemed qualifying costs and will be paid by Snuffer's and, as appropriate, Class Defendants.  Qualifying

costs shall consist of (a) the reasonable fees and expenses of the Court-appointed Registered Accessibility Specialist; (b) the costs of publishing notice to the Proposed Class; (c) the cost of maintaining notice in the Snuffer's web site; (d) the fees and costs of Class Counsel; (e) the costs of administering the claims process; and (e) the cost of maintaining notice at Snuffer's Restaurants.

## PRELIMINARY APPROVAL, OPTING-OUT, OBJECTING, FAIRNESS HEARING

10.1    <u>Preliminary Hearing</u>.   The Parties have jointly requested a Preliminary Hearing and jointly moved for an order granting preliminary approval of this Consent Decree.

10.2    <u>Opt-Out Provisions</u>.   Members of the Settlement Class may opt-out of the Settlement Class by filing a request for exclusion with Karen Mitchell, Clerk of the United States District Court, Room 1425, 1100 Commerce Street, Dallas, Texas 75242-1003, and by mailing a copy to Snuffer's Class Administration, 1205 Lake Street, Ft. Worth, TX 76102-4501, as described in Exhibit "C" at any time before the fairness hearing set by the Court.   Members of the Settlement Class who submit requests for exclusion from the Settlement Class will give up their rights to object to any provision in this Consent Decree, and to participate in any payment from Snuffer's or Class Defendants, but will retain their right to pursue any remedies they may have on their own behalf and through their own legal counsel.   In addition, any individual who would otherwise qualify as a member of the Settlement Class, but has sustained a personal, physical injury as a result of an architectural barrier at Snuffer's is automatically excluded from the class unless the individual makes a claim and is awarded damages under this Consent Decree in which event such payment will be in full settlement of all claims existing against the Class Defendants at the date of submission of the claim.

10.3    Objections.    Members of the Settlement Class may file objections to the proposed Consent Decree by filing written objections with Karen Mitchell, Clerk of the United States District Court, Room 1425, 1100 Commerce Street, Dallas, Texas 75242-1003, and by mailing a copy to Snuffer's Class Administration, 1205 Lake Street, Ft. Worth, TX 76102-4501 at least thirty (30) days before the fairness hearing set by the Court. REACH shall immediately forward any such objections to Class Counsel and counsel for Class Defendants.  Only objecting Class Members shall have the right, if they seek it in their objection, to present objections orally at the Fairness Hearing.  Any Party may file a response to such objections within twenty (20) days of being served a copy of such objection but not later than the day of the Fairness Hearing.

10.4    Fairness Hearing.  Class Counsel and Class Defendants shall request that a Fairness Hearing take place seventy-five (75) days after Court preliminarily approves this Consent Decree or as soon thereafter as the Court may set the hearing.

## FINAL JUDGMENT, APPROVAL, AND DISMISSAL

11.1    Request for Final Judgment and Approval.  At the time of the Fairness Hearing, Class Defendants and Class Counsel shall jointly request that the Court enter a Final Judgment as to the Class Claims and Order granting Final Approval of this Consent Decree.

11.2    Dismissal with Prejudice.  The Parties agree to file all appropriate pleadings to dismiss the Class Claims with prejudice and file the Agreed Order of Dismissal with Prejudice in the forms attached as **Exhibit "H-1 and H-2"** as to the Class Defendants after the end of the claim period in which Class Claimants may make a claim for payment of a One Hundred Dollars ($100.00) award in accordance with paragraphs 7.6 and 7.10 hereof.

11.3    <u>Dismissal with Prejudice as to PTC Dunhill Holdings, Ltd</u>.  After the Court grants Final Approval of this Consent Decree, the Parties agree to promptly file all appropriate pleadings to dismiss the Class Claims with prejudice and file the Agreed Order of Dismissal with Prejudice in the forms attached as Exhibit "H-1 and H-2" as to PTC Dunhill Holdings, Ltd which was at the time of filing of this Lawsuit, neither an owner nor operator of any property on which a Snuffer's Restaurant identified in this Lawsuit was located.

11.4    <u>Certain Claims Not Released by Class Defendants</u>.  The execution and filing of a Dismissal with Prejudice of the Class Claims in the forms attached hereto as Exhibit "H-1 and H-2" shall not act to release, modify, waive or extinguish any claim, indemnification duty owed or right existing between or among Snuffer's, any other Class Defendant, Craig Crossing, Town Square or PTC Dunhill Holdings, Ltd.

## RELEASES

12.1    <u>Release of Claims</u>.  Attached as **Exhibit "I"** is a Release effective on the date following the expiration of the end of the claim period in which Class Claimants may make a claim for payment of a One Hundred Dollars ($100.00) award in accordance with paragraphs 7.6 and 7.10 hereof.

12.2    <u>Exclusions</u>.  The Release of Claims as set forth in Exhibit "I" of this Consent Decree does not include or extend to any claims under the ADA or the THRC relating to access for or usability by persons with disabilities other than those certified in the Settlement Class.  Further, any personal injury claims by any individual who has suffered a personal, physical injury as a result of a noncompliant path of travel as alleged in the Class Claims shall be excluded from the

Settlement Class unless they submit a claim for award of damages as set forth in § 7.2 above in which event the payment of such claim will act as full release of any claims for discrimination or injury existing as of the date of such payment.

12.3    <u>Future Claims</u>.  The Release of Claims as set forth in Exhibit "I" of this Consent Decree does not include or extend to any future claims that arise from incidents and/or conduct that occurs solely after the completion of modifications described in the Modification Plan or any modifications of the Modification Plan as set out in § 5.5 and not related to any condition of a Snuffer's Location existing as of the date of the Final Report approved by all Parties or the Court. Subject to the foregoing, no Settlement Class member may bring a future claim under the common law or under the ADA, TABA, THRC, or any other state or federal statute which provides protection to the disabled, for acts or omissions or physical conditions that are required by and consistent with the terms of this Consent Decree.

12.4    <u>Res judicata</u>.  Res judicata shall apply to all Named Plaintiffs and Settlement Class members but does not apply to a Settlement Class member who opts-out or is excluded under the provisions described in § 10.2 of this Consent Decree and does not elect to make a claim for payment hereunder.

<b>CONDITIONS OF SETTLEMENT</b>

13.1    <u>Successors and Assigns</u>.  This Consent Decree shall inure to the benefit of and be binding upon the Parties hereto and their respective heirs, dependents, executors, administrators, trustees, legal representatives, personal representatives, agents, officials, elected officials, successors and

assigns; provided, however, that this Consent Decree shall not inure to the benefit of any third party.

13.2    <u>No Third Party Beneficiaries</u>.  Individual Members of the Settlement Class are not third party beneficiaries of this Consent Decree, and they shall have no right to bring any action for any alleged violation of this Consent Decree.

13.3    <u>Incorporation of Exhibits</u>.  The terms of all Exhibits attached hereto are fully incorporated into this Consent Decree and are an integral part thereof. The terms of this Consent Decree, where applicable, are fully incorporated into all Exhibits and are, where applicable, an integral part thereof.

13.4    <u>Force Majeure</u>.  Failure of any Party to perform any action required by this Consent Decree will not subject it to any liability or remedy for damages or otherwise if such failure is caused in whole or in part by acts of God, fires, accidents, earthquakes, explosions, floods, wars, labor disputes or shortages, riots, terrorism, sabotage, or any similar circumstances beyond any party's reasonable control.

13.5    <u>Modification</u>.  No modification of this Consent Decree shall be effective unless it is agreed to in writing by the Parties affected by such modification and approved by Court Order.

13.6    <u>Severability</u>.  If any such provision or any part of this Consent Decree thereof shall at any time be held unlawful, or inconsistent with applicable law, in whole or in part, under any federal, state, county, municipal or other law, ruling or regulation, then the remaining provisions of this Consent Decree shall remain effective and enforceable.

13.7    Execution in Counterparts.  This Consent Decree may be signed in counterpart.  Each signed counterpart together with the others shall constitute the full Consent Decree.

13.8    Authorization.  Each signatory to this Consent Decree represents that each is fully authorized to execute this Consent Decree and to bind the Parties on whose behalf each signs.

13.9    Entire Agreement.  This Consent Decree (including Exhibits) contains all the agreements, conditions, promises and covenants between the Parties, Class Counsel and the Settlement Class regarding matters set forth herein and supersedes all prior or contemporaneous agreements, drafts, representations or understandings, either written or oral, with respect to the subject matter of the present Consent Decree, other than any other agreements between Class Defendant landowners and Snuffer's Restaurants Incorporated or the predecessors in interest of Snuffer's Restaurants Incorporated concerning Snuffer's.

Dated:  March 23, 2010.


**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

By: ___/s/ Kenneth D. Carden_____


KENNETH D. CARDEN
Texas Bar No. 03787300
Lead Attorney
E-mail: carden@ada-law.com

CARDEN LAW OFFICE – DALLAS
1409 South Lamar, Suite 601
Dallas, Texas 75215
(972) 432-9990 Telephone
(972) 432-9119 Facsimile

PALMER D. BAILEY
Texas Bar No. 01533400
Attorney to be Noticed
E-mail: inlight226@aol.com

LAW OFFICE OF PALMER BAILEY
16633 Dallas Parkway, Suite 600
Addison, Texas 75254
(972) 588-1863 Telephone
(972) 588-1864 Facsimile

ATTORNEYS FOR PLAINTIFFS
PATRICIA SAPP AND JASON SWANSON

By: ___/s/ Jackson D. Wilson II_____


JACKSON D. WILSON II
Texas Bar No. 21740500
Attorney-in-Charge
E-mail: jwilson@gordonrees.com
TRACY GRAVES WOLF
Texas Bar No. 24004994
Of Counsel
E-mail: twolf@gordonrees.com
THOMAS E. CHANDLER
Texas Bar No. 24031928
E-mail: tchandler@gordonrees.com

GORDON & REES L.L.P.
2100 Ross Ave., Suite 2800
Dallas, Texas 75201
(214) 231-4660 Telephone
(214) 461-4053 Facsimile

ATTORNEYS FOR DEFENDANTS,
SNUFFER'S RESTAURANTS
INCORPORATED, D/B/A SNUFFER'S
RESTAURANT AND BAR;
EAGLE SEIKI SALES, LTD 1;
GENE A. BURKS;
ELIZABETH JANE BURKS;
PTC DUNHILL HOLDINGS, LTD.;
PRESTON CENTER WEST, JV;
RONA ACQUISITIONS;
THOMAS J. ROPPOLO, TRUSTEE;
CHRISTOPHER S. CARROLL NUMBER 1,
LTD; AND
CSC INVESTMENTS, LLC